**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| UNITED STATES STEEL CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, U.S. EPA,<br><br>*Respondents*. | Case No. 24-1171 Consolidated with Nos. 24-1170 (lead), 24-1177 |

**PETITIONER UNITED STATES STEEL CORPORATION'S NONBINDING STATEMENT OF ISSUES**

Pursuant to this Court's June 4, 2024 Order, ECF 2057835, Petitioner United States Steel Corporation ("U. S. Steel") submits this nonbinding statement of issues in the consolidated cases challenging the final action of the United States Environmental Protection Agency ("EPA") entitled: National Emission Standards for Hazardous Air Pollutants: Integrated Iron and Steel Manufacturing Facilities Technology Review, 89 Fed. Reg. 23,294 (April 3, 2024) ("Rule"). Without waiving any right to raise additional issues, Petitioner states that it intends to raise the following issues:

1. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated unnecessary and unwarranted hazardous air pollutant ("HAP") standards inconsistent with the Clean Air Act ("CAA").

2. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated regulations that are not achievable for new and existing sources in the integrated iron and steel source category as required by 42 U.S.C. §7412(d)(2) and (3).

3. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated emission standards that are not a "degree of reduction in emissions" of HAP, as required by 42 U.S.C. §7412(d)(2).

4. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated emission limitations without "taking into consideration the cost of achieving such emission

reduction, and any non-air quality health and environmental impacts and energy requirements" as required by 42 U.S.C. § 7412(d)(2).

5. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated emission limitations without first obtaining and considering the information required by 42 U.S.C. §7412(d)(3).

6. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated regulations that were not based on the average "emission limitation" achieved by the best performing sources, as required by 42 U.S.C. §§7412(d)(3) and 7602(k).

7. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated regulations for hazardous air pollutants that are not emitted by the source category.

8. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it relied on this Court's decision in *Louisiana Environmental Action Network v. EPA*, 955 F. 3d 1088 (D.C.

Cir.) to assert authority to fill regulatory gaps where no regulatory gaps existed.

9. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated "beyond the floor" HAP limits under 42 U.S.C. §7412(d)(2) and (3) and "technology review" standards under 42 U.S.C. §7412(d)(6) for which there is no technically and economically feasible technology available to meet the standards.

10. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it promulgated emission standards without considering established health thresholds consistent with 42 U.S.C. §7412(d)(4).

11. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it revised requirements, including emission standards and work practices, under 42 U.S.C. §7412(d)(6) when there have been no developments in practices, processes, and control technologies, as required by 42 U.S.C. §7412(d)(6).

12. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law, when it revised emission standards under 42 U.S.C. §7412(d)(6) without showing revision was necessary, as required by 42 U.S.C. §7412(d)(6).

13. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law; or without observance of procedure required by law, when it proposed the Rule without publishing all the data and calculations it used to develop the proposed rule, as required by 42 U.S.C. §7607(d)(3).

14. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law; or without observance of procedure required by law, when it promulgated the Rule without adequately explaining its basis and reasons for major changes as required by 42 U.S.C. §7607(d)(6)(A).

15. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law; or without observance of procedure required by law, when it failed to respond to "significant comments, criticisms, and new data submitted" by U. S. Steel and other commenters as required by 42 U.S.C. §7607(d)(6)(B).

16. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a

manner otherwise contrary to law; or without observance of procedure required by law, when it promulgated the Rule without publishing all data and calculations on which the Rule was based, as required by 42 U.S.C. §7607(d)(6)(C).

17. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated sampling and monitoring requirements without including any approved method of such monitoring.

18. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated a fenceline monitoring action level to be used based upon a monitoring method yet to be promulgated and approved, in violation of 42 U.S.C. §7607(d)(6)(C).

19. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated a fenceline monitoring action level without demonstrating any nexus of such action level with emissions categorical standards and work practices developed pursuant to such standards as required by 42 U.S.C. §7412(d)(2) and (h).

20. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it excluded information from consideration without adequate reason or explanation.

21. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law when it did not include a review of all relevant information that it collected for the rulemaking under 42 U.S.C. §7414 and did not respond to it as required by 42 U.S.C. §7607(d)(6)(B).

22. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated emission limits and work practice standards that have not been demonstrated as feasible or appropriate for all emission units in the category as required by 42 U.S.C. §7412(d).

23. Whether EPA acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise contrary to law by not adequately considering cost, energy requirements and non-air quality health and environmental impacts as required by 42 U.S.C. §7412(d).

24. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it based its regulations on unsupported and incorrect assumptions about the operation of integrated iron and steel manufacturing facilities and the technical and economic feasibility of control technologies.

25. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it revised its prior determinations that there were no technological developments in the source category and then imposed unreasonable emission standards, work practices, and other requirements without proper explanation, basis, or determination of need.

26. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated standards based on miscalculations of the data in the record.

27. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated work practices and monitoring requirements that are unsafe.

28. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated work practices and monitoring requirements that cannot be met.

29. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated work practices without establishing that or demonstrating how they will reduce emissions of hazardous air pollutants.

30. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it imposed compliance deadlines that cannot be met.

31. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it imposed "beyond-the-floor" standards that are not cost-effective.

32. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it changed, without explanation its method for determining cost-effectiveness and then abandoned its cost-effectiveness methodology in favor of an unprecedented reference to parent company revenue.

33. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it failed to consider its determination of the low risk, with an ample margin of safety, that the source category presents, when imposing new regulatory requirements.

34. Whether the Rule is an illegal repurposing of CAA Section 112(d)(6) technical review to achieve non-HAP-related criteria pollutant benefits without the protections and legal guardrails established by Congress for

these pollutants, which is contrary to statements made by the Supreme Court in the ruling striking down the Mercury and Air Toxics Rule (*Michigan v EPA*).

35. Whether EPA acted contrary to constitutional right, power, privilege, or immunity; or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or arbitrarily, capriciously, or in a manner otherwise not in accordance with law, when it implemented a Rule that threatens to disrupt domestic iron and steel production beyond the authority of EPA as defined by the Clean Air Act and set forth in *West Virginia v. EPA*.

Dated: July 5, 2024

/s/*John D. Lazzaretti*
John D. Lazzaretti
Squire Patton Boggs (US) LLP
1000 Key Tower, 127 Public Square
Cleveland, Ohio 44114-1304
Telephone: (216) 479-8350
Facsimile: (216) 479-8780
john.lazzaretti@squirepb.com

*Counsel for Petitioner United States Steel Corporation*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and Circuit Rule 25(f), I hereby certify that on July 5, 2024, I electronically filed the foregoing Petitioner United States Steel Corporation's Nonbinding Statement of Issues with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/*John D. Lazzaretti*
John D. Lazzaretti

*Counsel for Petitioner United States Steel Corporation*