**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN IRON AND STEEL INSTITUTE, et al., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> *Respondents*. | Case No. 20-1354 <br> (c/w Nos. 20-1355, 24-1170, 24-1171, & 24-1177) |

**RESPONDENTS' PARTIALLY UNOPPOSED MOTION FOR ABEYANCE**

Respondents, the U.S. Environmental Protection Agency and its Administrator Lee Zeldin ("EPA" or "Agency"), respectfully move the Court to hold these consolidated petitions for review in abeyance for 120 days (with motion(s) to govern due when the abeyance ends) to allow new Agency leadership to review the underlying rules and determine Respondents' position going forward. Industry Petitioners do not object to the relief requested by this motion. Environmental Petitioners take no position at this time and reserve their right to file a response.

Good cause supports this motion, as follows.

1

1. Two sets of Petitioners—referred to as "Industry Petitioners"[1] and "Environmental Petitioners"[2]—challenge specified EPA actions under Section 112 of the Clean Air Act ("CAA" or "Act"), 42 U.S.C. § 7412, entitled, "National Emission Standards for Hazardous Air Pollutants: Integrated Iron and Steel Manufacturing Facilities Residual Risk and Technology Review," 85 Fed. Reg. 42074 (July 13, 2020) ("2020 Rule"), and "National Emission Standards for Hazardous Air Pollutants: Integrated Iron and Steel Manufacturing Facilities Technology Review," 89 Fed. Reg. 23294 (Apr. 3, 2024) ("2024 Rule"). Most of Petitioners are also Intervenors.

2. The Court recently consolidated the petitions for review of the 2020 and 2024 Rules, directing the parties to submit a briefing proposal by March 7, 2025. *See* Order dated Feb. 21, 2025 (Doc. No. 2102127).

3. Following the change in Administration on January 20, 2025, the new leadership at EPA is in the process of familiarizing itself with the issues presented in these consolidated cases and determining how to proceed.

---

[1] "Industry Petitioners" are American Iron and Steel Institute (with respect to the rule promulgated in 2020), Cleveland-Cliffs Inc. (with respect to the rule promulgated in 2024), and U.S. Steel Corporation.
[2] "Environmental Petitioners" are Clean Air Council, Gary Advocates for Responsible Development, Hoosier Environmental Council, Sierra Club, and Just Transition Northwest Indiana (with respect to the rule promulgated in 2024).

2

4. EPA's new leadership has completed at least a portion of its review. By letter dated March 5, 2025 (attached as an exhibit to this motion), EPA stated its intent to expand the already convened proceeding for discretionary reconsideration of certain aspects of the 2024 Rule by reconsidering four rule provisions that Petitioners raised in their petitions for reconsideration. EPA has identified those four issues as arising after the comment period or impracticable for Petitioners to have raised during the comment period and of central relevance to the 2024 Rule, making those four provisions appropriate for reconsideration under Section 307(d)(7)(B) of the CAA, 42 U.S.C. § 7607(d)(7)(B).[3] While EPA does not expect to complete the full reconsideration process within 120 days, it does expect to take some action and develop more specific information about the reconsideration process within that timeframe.

5. So that EPA's new leadership can complete its holistic review of the rules in an orderly and deliberate fashion while preserving the Court's and the parties' resources, EPA requests that the Court hold these consolidated cases in abeyance and direct the parties to file motion(s) to govern further proceedings within 120 days.

---

[3] EPA filed its August 2024 reconsideration letter as an exhibit to its opposition to Industry Petitioners' motions for a stay pending review of the 2024 Rule. *See* Doc. No. 2070301 (at 4–5) in Case No. 24-1170. In October 2024, the Court denied Industry Petitioners' stay motion. *See* Doc. No. 2081727 in Case No. 24-1170.

3

6. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. The requested abeyance represents a prudent exercise of this Court's discretion and is consistent with Section 307(d)(7) of the CAA, 42 U.S.C. § 7607(d)(7), which allows EPA to commence a reconsideration proceeding even while petitions for judicial review are pending. As noted in paragraph four above and in this motion's exhibit, EPA has commenced a reconsideration proceeding. It makes sense to await further EPA action or at least more information about EPA's review process and timeline before proceeding with judicial review.

8. Further, courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a

4

change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)). Here, it is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all the disputed issues. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (Courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary."). Thus, abeyance serves the interest of judicial economy.

9. The requested abeyance would not prejudice any party, as this motion is at least partially unopposed, and in any event the abeyance sought is of limited duration and subject to renewal only upon a future motion supported by good cause.

10. Finally, the requested abeyance is consistent with abeyances recently sought and granted by this Court in other cases challenging EPA rules promulgated under Section 112 of the CAA, 42 U.S.C. § 7412, even without a reconsideration process under Section 307(d)(7)(B) of the CAA, 42 U.S.C. § 7607(d)(7)(B). *See, e.g.,* Unopposed Motion to Hold Case in Abeyance & Order, *Nat'l Lime Ass'n v.*

*EPA*, No. 24-1297 (D.C. Cir. Feb. 10, 2025 & Feb. 25, 2025), Doc. Nos. 2099924, 2102647 (granting abeyance and directing parties to file motion(s) to govern by April 28, 2025); Respondents' Unopposed Motion to Hold Case in Abeyance & Order, *North Dakota v. EPA*, No. 24-1119 (D.C. Cir. Feb. 13, 2025 & Feb. 20, 2025), Doc. Nos. 2100678, 2101701 (granting abeyance and directing parties to file motion(s) to govern by May 21, 2025). Here, a 120-day abeyance is warranted given EPA's commencement of a reconsideration process.

\*\*\*

Accordingly, for these reasons, the Court should grant this motion; hold these consolidated cases in abeyance until further Order of the Court; and direct the parties to file motion(s) to govern further proceedings in this case within 120 days. Respectfully submitted,

                        ADAM R.F. GUSTAFSON
                          *Acting Assistant Attorney General*

                        */s/ Andrew J. Doyle*
                        ANDREW J. DOYLE
                        United States Department of Justice
                        Environment & Natural Resources Div.
                        Environmental Defense Section
                        450 Golden Gate Avenue, Suite 07-6714
                        San Francisco, CA 94114
                        andrew.doyle@usdoj.gov

*Of Counsel:*                     SAMUEL B. STRATTON
MEREDITH MILLER        United States Department of Justice
   Office of the General Counsel    Environment & Natural Resources Div.

6

| | |
|---|---|
| U.S. Environmental Protection Agency<br>Washington, D.C. | Environmental Defense Section<br>P.O. Box 7611<br>Washington D.C. 20044<br>samuel.stratton@usdoj.gov<br>*Counsel for Respondents* |

March 7, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains no more than 1,340 words.

Dated: March 7, 2025

*/s/ Andrew J. Doyle*